**JOHNSON v. PUCKETT et al.   (No. 9149.)**

(Court of Civil Appeals of Texas. Dallas. June 14, 1924. Rehearing Denied Oct. 18, 1924.)

1. **Limitation of actions ⊂⟹28(1), 55(1) — Cause of action arose on unwarranted disposition of another's money to his knowledge; action for unwarranted disposition of money barred in two years.**

   Plaintiff's cause of action for any unwarranted disposition of his money by defendants arose when they, to his knowledge, made such disposition; and so was barred two years later.

2. **Estoppel ⊂⟹75—Defendants not liable for disposing of money in accordance with agreement with another clothed by plaintiff with apparent authority.**

   Plaintiff having authorized P. to secure bail and given to him a check payable to defendants, thus making it possible for P. to represent himself as principal in the transaction and turn over the check to defendants, secured as sureties, as being his own, they are not liable to plaintiff for disposing of the money according to their agreement with P., differing from the one P. had agreed with plaintiff should be made.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by A. S. Johnson against A. U. Puckett and another. From judgment for defendants, other than the one named, plaintiff appeals. Affirmed.

Thos. R. Bond, of Terrell, for appellant.
J. N. Townsend, of Dallas, for appellees.

JONES, C. J. In a suit in the district court of Dallas county by appellant A. S. Johnson against J. B. Stephenson, M. Murphy, General Bonding & Casualty Insurance Company, and A. U. Puckett, to recover the sum of $1,500, judgment was rendered in favor of all of appellees, except A. U. Puckett, against whom a judgment was rendered in favor of appellant in the sum of $1,359.50 with interest at 6 per cent. per annum from the date on which the suit was filed. Puckett made no answer in the court below and entered no exception to the judgment against him. Appellant duly excepted to the action of the court in entering judgment in favor of the appellees other than Puckett and has duly perfected his appeal to this court. The case was tried before the court without the intervention of a jury, and, on request of appellant, the court filed findings of fact and conclusions of law.

Appellant excepted to the material findings of fact and to the conclusions of law, and, with such exceptions as a basis, duly filed his assignments of error and has properly presented same to this court.

From the findings of fact by the trial court, and from the evidence adduced at the trial of the case, we find the facts as follows:

During the year 1918, one I. W. Haley, a kinsman by marriage of appellant, was confined in jail on a charge of murder, alleged to have been committed in Kaufman county. A. U. Puckett, an attorney at law of Dallas, Tex., was employed by said Haley and appellant to represent Haley as his attorney in said cause. Haley had been denied bail, but, on appeal to the Court of Criminal Appeals, he was allowed bail in the sum of $20,000, and those who were making his defense deemed it necessary that this bail bond should be given in order that Haley, in the interest of his defense, might be able to go to the state of Arkansas and interview some parties residing in said state. After an effort in another direction had failed to secure the making of the bond and the release of Haley, Puckett, either personally or through another member of his firm, entered into a contract with appellees, Stephenson and Murphy, to make the bond on the following conditions: Puckett was to deliver to them the sum of $1,500, out of which said appellees were to pay themselves $500 as a fee for incurring the risk in making the

bond. The remaining $1,000 was to be deposited in the bank subject to their control for the purpose of paying the expenses of hiring a detective to guard or watch Haley during the time he was out on bond and to accompany him to the state of Arkansas, and, also, in the event Haley should escape from said detective, to defray the expense of securing his apprehension. Said appellees obligated themselves to remain on the bond until the date on which the case was set for trial, which was approximately 10 days from the date of the bond.

If the case was continued, they could surrender Haley to the sheriff and secure their release from the bond. After this contract was made through Puckett with appellees, Puckett secured from appellant a check for the sum of $1,500; said check being made payable to the order of Stephenson and Murphy. At the time appellant delivered said check to Puckett, he executed a receipt to appellant reciting, in effect, that he had received from appellant a check for said sum of money payable to said appellees, and that same was to be deposited with appellees and to remain in their custody so long as they were on the Haley bond, and that when they were released from said bond they were to return the said $1,500. This receipt was signed by Puckett as attorney for said appellees. Puckett was not in fact the attorney in this matter for Murphy and Stephenson and had no power to bind them in any such change in the contract they had made with Puckett. Said appellees never knew anything about such receipt nor the facts recited therein until after this suit was filed. Appellant, it seems, did not know of the character of contract made by Puckett with these appellees, but appellant had empowered Puckett to secure sureties on Haley's bail bond.

On the calling of the case against Haley for trial on the date theretofore set, a continuance was secured by Haley, and thereupon said appellees duly surrendered, or caused to be surrendered, Haley to the sheriff and secured their legal release from his bond. This was in accordance with the rights they reserved when they made the said bond. The $1,500 check, the receipt executed by Puckett to appellant, the contract with said appellees as sureties on Haley's bond, the execution of the bond, and the release of Haley under the bond, were all of date June 24, 1918. On or about July 3, 1918, said appellees surrendered Haley to the sheriff and disbursed the $1,000 that remained of the $1,500 check after the deduction of their $500 fee, by paying to the detective the sum of $140.40 as his expenses and hire during the time Haley was out of jail, and by issuing to Puckett a check for the remainder, which was the sum of $859.-60. When Puckett delivered to said appel-

lees appellant's check for $1,500, he told them that it was his money, and he never represented to them at any time that appellant was furnishing the money for the purpose of making Haley's bond, and said appellees did not know to the contrary until long after they had issued the said check to Puckett in repayment of the remainder of the $1,500 that was in their possession.

The court found as a fact, and it is a reasonable inference from the evidence, that appellant knew of the manner in which said appellees had disbursed the $1,500 when the disbursement was made on July 3, 1918. The court also found, and it is sustained by the evidence, that not only did said appellees not have knowledge of appellant's claim on the said money, but they were not in possession of any facts or circumstances that would put a reasonably prudent man on inquiry in reference to appellant's said claim. The court further found, and it is also sustained by the evidence, that said appellees were innocent holders of said $1,500.

The $859.60 delivered to Puckett by said appellees has never been paid to appellant, nor has the proceeds of a previous check for $500 that had been issued by appellant to one Kelly, who had been employed in the previous transaction in which it was attempted to make Haley's bond. On a failure to make the bond, Kelly had paid back to Puckett the said $500 fee he had charged for making the bond, and Puckett appropriated the proceeds of same. Under these facts, the court found that Puckett was indebted to appellant in the two items of $859.-60 and the matter of the former check for $500.

It appeared that the bonding company, of which appellee Stephenson had been the president, had gone out of business in the year 1914 and was in no way concerned in the making of the bond. Answer was filed by the bonding company setting up this fact. Appellees, Murphy and Stephenson, answered by general demurrer, general denial, and special plea of the two years' statute of limitation. The court found as a fact that any claim appellant had against said appellees by reason of the bond transaction was barred by limitation, the suit having been filed by appellant on April 4, 1921, approximately two years and nine months after said appellees had disbursed the money.

[1] In response to the undisputed evidence, the trial court found that appellant's cause of action, if any he had, matured on July 3, 1918. On this date appellees, acting under their belief that the money belonged to Puckett, delivered to him the check for $859.60. There was no secrecy attending this transaction, though, of course, no special notoriety was given it. Under the facts, the court correctly concluded that appellant's claim was barred by the two years' limitation statute.

[2] Aside from this, however, appellees had disbursed the $1,500 in accordance with the contract they had entered into with Puckett without any knowledge of any restriction on Puckett's authority, and in no belief other than that they were dealing with Puckett as the principal in the contract. He had been authorized by appellant to secure bail for Haley and had been clothed with apparent authority to make with appellees the very contract he made with them in reference to the bail bond for Haley. In other words, the action of appellant made it possible for Puckett to represent himself as principal in the transaction and pay over to said appellees the $1,500 as his own money, and thereby cause them to feel secure in returning to him the remainder of the money. Under such conditions it would be inequitable for those who were not responsible for Puckett's action in the matter to suffer financial loss rather than appellant, who was responsible, to the extent of clothing Puckett with power that permitted him to pursue the course he did. We therefore overrule appellant's assignment of error on this subject and hold that said appellees were innocent holders of the money, and the court was correct in so concluding.

Finding no reversible error, it is the opinion of the court that this cause should be affirmed.

Affirmed.